JOSEPH GOODING *versus* PITMAN MORGAN.

An action may be maintained upon an express promise to cancel and deliver a note on condition that the promisee should find a receipt which he claimed to have received in discharge of the same debt, although the note was subsequently paid.

This is an action of assumpsit upon a promise to deliver back a note providing the plaintiff should find a receipt from the defendant of payment of the same demand, which was alleged to be lost.

Afterward the plaintiff found the receipt, and brought his action upon the money counts only, with the following specification: "The plaintiff claims $125,00 which was paid by him to defendant in full, of a note for that sum given by plaintiff to defendant under a mistake of the fact that said sum had been previously paid." 37 Maine R., 419.

Failing to recover in that form of action, the plaintiff now brings this action upon the promise as here stated.

The case is reported by Goodenow, J., sitting at *Nisi Prius.*

*B. Freeman,* counsel for plaintiff.

*Shepley & Dana,* counsel for defendant.

CUTTING, J. When these parties were previously before us, 37 Maine R., 419, the plaintiff's writ contained the money counts only, and his specification, that he claimed $125,00, which was paid by him to defendant, in full of a note for that sum. And the court held under the circumstances there disclosed, that such specification limited the proof and restricted the right of recovery to that claim.

In the present case the plaintiff has declared on an express promise, *that* the defendant was to cancel and deliver to him the note, provided he should find the receipt; and an averment, *that* the receipt was found, exhibited to the defendant, and the note demanded; and the proof fully sustained the allegation.

The defence set up is, not a denial of such facts, but that they were all known to the plaintiff, and constituted a perfect defence to the note at the time it was paid, and consequently the present action cannot be maintained. But *Shepley*, C. J., in the prior case remarks, "the negotiable note operated as payment of the account in full or in part; and if that account was thereby paid a second time, under a mistake and without a knowledge that it had been previously paid, a right of action immediately accrued to the plaintiff, to recover back the amount so paid a second time. This right of action would not be destroyed by a voluntary payment of the note, after a knowledge of the double payment had been obtained." The learned Chief Justice had reference to the right of action founded on an implied promise, which would accrue only from the want of knowledge. But here, it is said, that the plaintiff not only had knowledge of his previous payment, but asserted it at the time he gave the note, and that consequently no action accrues by implication. But the testimony also discloses the further fact, that at the same time the defendant *denied* the plaintiff's assertions, and therefore a dispute arose, and by way of compromise the express promise was made, which must have all the force and effect of an implied one. That promise made for a valuable consideration has been violated, and the plaintiff in this form of action is entitled to recover his damages. And according to the agreement of the parties the defendant is to be defaulted for $125,00 and interest from June 2, 1852.